, MARTIN, Circuit Judge,
concurring in judgment:
I agree with the majority’s holding that Mr. Clark is not entitled to relief on his ineffective assistance of counsel claim. The Florida Supreme Court’s decision re *1292 garding counsel’s performance was not an unreasonable application of clearly established federal law as determined by the U.S. Supreme ■■ Court. ■ See' 28 U.S.C. § 2284(d). It is the majority’s ruling on the prejudice prong of Mr. Clark’s ineffective assistance of counsel claim, however, that causes me to write separately. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show both that his counsel’s performance was deficient and that counsel’s deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Our panel is in agreement that Mr. Clark failed to carry his burden on the performance prong of the showing required by Strickland. Since I view the question of whether Mr. Clark was prejudiced by his counsel’s performance as a close one, I would have preferred that the panel not reach that question.
I would have avoided analysis of the prejudice prong of Strickland’s required showing here because I have questions about the Florida Supreme Court’s ruling that Mr. Clark was not prejudiced when his lawyer failed to present’ any mitigation evidence to the jury during the penalty phase of his trial. In challenging a death sentence, a petitioner establishes prejudice by showing that “there is a reasonable probability that, absent the errors* the sentencer ... would have concluded that the balance of aggravating and mitigating circumstances did not warrant- death.” Id. at 695, 104 S.Ct. at 2069.
As set out in the majority opinion,- Mr. Clark had two capital murder trials. In the first of these trials, in Nassau County, Florida, Mr. Clark presented mitigation evidence of his alcohol abuse and emotional disturbance, together with the emotional and sexual abuse he experienced as a child. See Clark v. State, 609 So.2d 513, 515-16 (Fla.1992). In the appeal of his Nassau County conviction, the Florida Supreme Court' characterized Mr. Clark’s evidence as “strong nonstatutory-mitigation.” Id. at 516. Of course precisely the same mitigation -evidence of Mr. Clark’s alcohol abuse, emotional disturbance, and the sexual abuse he endured as a child exists in this case arising out of ■ Duval County, Florida. Nevertheless on: postconvietion review of Mr. Clark’s Duval County conviction, the Florida Supreme Court said that he was not prejudiced by the failure to present the very same mitigating evidence. See Clark v. State, 35 So.3d 880, 891 (Fla.2010).
A reviewing court applying Strickland’s prejudice standard must consider the potential effect of the unpresented mitigating evidence on the sentencing jury. See Porter v. McCollum, 558 U.S. 30, 41-43, 130 S.Ct. 447, 454-55, 175 L.Ed.2d 398 (2009) (per curiam). I recognize that the reweighing of aggravating and mitigating evidence involves many, factors, and that the. aggravating circumstances in Mr. Clark’s Duval County trial may have been more powerful than those in his Nassau County trial. After all, the Duval County jury knew about Mr. Clark’s Nassau County murder conviction. Still, I am mindful that even though the Duval County jury heard no mitigating evidence, it was not unanimous in recommending a sentence of death. Knowing that one juror voted for a life sentence for Mr. Clark even without hearing any of his “strong nonstatutory mitigation” evidence suggests to me that had such evidence been presented, more jurors may have voted for life. Because of the peculiarities of the prejudice question here, I would not have reached that issue. Nevertheless, I agree with the majority that this record does not entitle Mr. Clark to federal habeas relief.